IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| DAVID DAFNEY, #198 771 | * | |
| Petitioner, | * | |
| v. | * | 3:09-CV-432-TMH (WO) |
| WARDEN J.C. GILES, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, David Dafney, on May 7, 2009. In this petition, Petitioner challenges his conviction for attempted murder entered against him by the Circuit Court for Macon County, Alabama, on April 8, 1998. The trial court sentenced Petitioner on May 18, 1998 to a term of 50 years imprisonment. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on November 20, 1998 and issued a certificate of judgment on December 8, 1998. By operation of law, Petitioner's conviction became final on December 22, 1998. (*Doc. No. 10, Exhs. A, D, E.*)

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because Petitioner's conviction became final in 1998 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Petitioner filed a Rule 32 petition with the trial court on February 14, 2000.[2] They argue, however, that this petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. (*Doc. No. 10 at pgs. 10-11.*); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Based on Respondents' argument, the court entered an order advising Petitioner that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (*Doc. No. 11.*) The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. (*Id.*) Petitioner has filed no response. Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the pending § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## I. DISCUSSION

*A. Statute of Limitations*

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the

---

[2]This is the date Petitioner signed his Rule 32 petition. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the state petition] was delivered to prison authorities the day [Dafney] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

challenged judgment expires.  Petitioner was convicted of attempted murder in the Circuit Court for Macon County, Alabama, on April 8, 1998.  On May 18, 1998 the trial court imposed sentence on Petitioner.  Petitioner filed a direct appeal.  The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on November 20, 1998.  Petitioner did not further appeal his conviction and the appellate court issued a certificate of judgment on December 8, 1998. Since Petitioner did not seek further relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of the 1998 attempted murder conviction, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court -- fourteen (14) days from the issuance of the certificate of judgment.[3]  Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, Petitioner's attempted murder conviction became final on December 22, 1998 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date and ran uninterrupted until it expired on December 22, 1999.

    *i. Statutory Tolling*

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

---

[3] Respondents' contention that Petitioner's conviction became final on December 8, 1998, upon issuance of the Alabama Court of Criminal Appeals' certificate of judgment, fails to take into account the fourteen days within which Petitioner could have filed a petition for writ of certiorari.  Upon expiration of the fourteen days within which Petitioner could have filed a petition for writ of certiorari after the appellate court's issuance of a certificate of judgment, his conviction became final.

section."  The court finds that the limitation period ran for 419 days after Petitioner's conviction became final until the filing of a Rule 32 petition in the Circuit Court for Macon County on February 14, 2000.  "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is, therefore, clear that the state post-conviction petition filed by Petitioner on February 14, 2000 had no affect on the running of the limitation period applicable to the instant federal habeas petition.  *Webster*, 199 F.3d at 1259.

### ii. Equitable Tolling

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."  *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001);  *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Id.*

On June 29, 2009 the court granted Petitioner twenty-one days to show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation

period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner has filed no response to the June 29 order. Consequently, the undersigned finds no basis upon which to extend the one-year deadline and that Petitioner has not demonstrated that his claims should otherwise be subject to equitable tolling. *See Sandvik*, 177 F.3d at 1271 (tolling is appropriate where "extraordinary circumstances that are both beyond [petitioner's] control and unavoidable even with diligence" exist).

## II.  CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by David Dafney  be DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 3, 2010**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party  objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

Done this 19th day of April, 2010.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE